UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| NICHOLAS KNAACK, a single person;<br>BILLY BRAMBLETT, a single person;<br>JAMES LACY, a married person;<br>DION LUMADUE, a single person;<br>Plaintiff,<br><br>v.<br><br>ALLIED WORLD SPECIALTY INSURANCE COMPANY, a foreign insurer,<br>Defendant. | No. 2:23-cv-01679-BJR<br><br>**ORDER GRANTING MOTION TO COMPEL RE: PLAINTIFFS' RFP NO. 12** |

This matter comes before the Court on Plaintiffs' Motion to Compel production of certain documents, broadly categorized as personnel files, in response to Plaintiffs' Request for Production ("RFP") No. 12. On February 22, 2024, the Court heard argument on the matter and directed counsel to file briefing outlining the relevant authority. The parties now having done so, and the Court having reviewed the briefs and relevant case law, the Court finds and rules as follows.

To briefly summarize the relevant background, Plaintiffs here assert negligence, Consumer Protection Act, and common law bad faith claims, among others, against Defendant Allied World Specialty Insurance Company ("Allied" or "Defendant"). These claims are based on Allied's

ORDER RE: MOTION TO COMPEL
RFP NO. 12- 1

denial of coverage in what Allied characterizes as the underlying "sexual abuse lawsuit." In settlement of that lawsuit, the defendant in that matter (American Behavioral Health Systems, Inc.) assigned to Plaintiffs its bad faith claims against Allied.

This motion concerns Plaintiffs' RFP No. 12, which according to Defendant seeks, for "each person who participated in the adjustment evaluation of the insurance claim at issue," 1) full and complete personnel files; 2) payroll files; 3) bonus files; 4) employee reviews; and 5) any and all information of a "human resource" nature. Def.'s Br. at 1-2. Plaintiffs expressly exclude from their request Social Security Numbers and "family information."

Federal Rule 26(b)(1) provides "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable." District courts have broad discretion in controlling discovery. *See Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002).

The Court acknowledges that district court rulings on the discoverability of personnel files in insurance bad faith disputes vary widely, even within this Western District. *Compare Perez v. Am. Fam. Ins. Co.*, No. C20-849RSM, 2021 WL 928180, at *2 (W.D. Wash. Mar. 11, 2021) ("[T]he Court agrees with American Family that the request for personnel files is overbroad, are [*sic*] not relevant to Plaintiff's claims as stated in the pleading (which does not name any employees), and is more likely to lead to embarrassment and undue burden or expense for

ORDER RE: MOTION TO COMPEL
RFP NO. 12- 2

Defendant and its employees.") *with Bagley v. Travelers Home & Marine Ins. Co.*, No. C16-0706 JCC, 2016 WL 4494463, at *6 (W.D. Wash. Aug. 25, 2016) (ordering production of "reviews, disciplinary information, and compensation information" "for all personnel working on [plaintiffs'] claim" and noting "courts frequently order that such information be produced"). However, the Court concludes that the better argument is that the material sought, limited as described below, is relevant to numerous issues going to Plaintiffs' claims, including the "competence of the individuals involved in the handling of Plaintiff[s'] claim, the adequacy and enforcement of the employee's training and any applicable corporate policies, and the existence or extent of any policies or practices relating to incentives to handle claims in a specific manner." *Vibal v. GEICO Cas. Co.*, No. 17CV534-LAB(BLM), 2018 WL 571948, at *4 (S.D. Cal. Jan. 26, 2018). Accordingly, the material sought, limited as follows, should be produced.

First, the production shall be subject to an agreed protective order, and Defendant is not obligated to produce the material until such protective order is in place. Second, the Court finds that RFP No. 12, at least as represented in Defendant's briefing[1], is overbroad. Plaintiffs are not entitled to "full and complete personnel files" or "any and all information of a 'human resource' nature," a request that is both vague and overbroad. Instead, Defendant shall produce documents reflecting (1) the criteria by which the performance of any and all persons responsible for investigation, evaluation and handling of Plaintiffs' claim was evaluated; (2) the evaluations or reviews, including any disciplinary action, of any and all persons responsible for investigation, evaluation and handling of the claim; (3) the compensation for any and all persons responsible for investigation, evaluation and handling of the claim, including but not limited to the criteria by

---

[1] Neither party has provided the Court with the exact wording of the request.

ORDER RE: MOTION TO COMPEL
RFP NO. 12- 3

which bonus or other special or incentive compensation is determined; (4) the training of any and all persons responsible for investigation, evaluation and handling of Plaintiffs' claim. Defendant's production shall be limited to the relevant time period, which the Court is unable to discern from the information provided in the parties' briefing, but which the Court is confident the parties can agree on.

SO ORDERED. Dated: March 11, 2024.

_____
Barbara Jacobs Rothstein
U.S. District Court Judge

ORDER RE: MOTION TO COMPEL
RFP NO. 12- 4