zs

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| NICHOLAS KNAACK, a single person; BILLY BRAMBLETT, a single person; JAMES LACY, a married person; DION LUMADUE, a single person; Plaintiff,<br><br>v.<br><br>ALLIED WORLD SPECIALTY INSURANCE COMPANY, a foreign insurer, Defendant. | No. 2:23-cv-01679-BJR<br><br>**ORDER DENYING PLAINTIFFS' MOTION FOR RECONSIDERATION** |

This case arose out of proceedings in a prior action, (the "Underlying Lawsuit"), in which Plaintiffs here sued American Behavioral Health Systems, Inc ("ABHS"), a substance rehabilitation facility, alleging sexual harassment and abuse by one of ABHS's employees. *See generally* Compl., Dkt No. 1-2. The parties settled that matter and as part of that settlement, ABHS assigned to Plaintiffs its coverage claims against its insurance carrier, Defendant Allied World Specialty Insurance Company, ("Allied"), which had denied coverage for the Underlying Lawsuit under a sexual abuse and molestation exclusion in ABHS's policy. The instant case was brought by Plaintiffs, pursuing the rights assigned to them by ABHS against Allied.

ORDER DENYING MOTION FOR
RECONSIDERATION
- 1

The dispute now before the Court is a Motion for Reconsideration, filed by Plaintiffs, in essence seeking this Court's authorization to take a second Federal Rule 30(b)(6) deposition. On August 5, 2024, after reviewing a brief email summarizing Plaintiffs' position, the Court initially denied this request in a minute order, finding that the motion was brought within two days of the discovery deadline and therefore ran afoul of the clear admonition in the Court's Standing Order that "Discovery disputes shall be raised in a timely manner so as to allow discovery to be completed within the discovery deadline. The failure to do so may waive a party's ability to challenge the discovery behavior." Dkt. No. 43 (citing Dkt. No. 10 at § III). The Court also concluded that "Plaintiffs have failed to demonstrate that they are entitled to the extraordinary remedy of an extension of the discovery cutoff, or otherwise explain why this dispute could not have been raised, and resolved, sooner." *Id*. On the merits of the motion, the Court also found that "Plaintiffs have failed to demonstrate that they should be allowed to take a second 30(b)(6) deposition in any event. They appear to be seeking information that could and should have been obtained at the 30(b)(6) deposition already taken, or through other discovery mechanisms." *Id*.

Plaintiffs filed this Motion seeking to have the Court reconsider its Minute Order. The Court ordered and received briefing from the parties. Having considered Plaintiffs' Motion for Reconsideration and the substance of the argument as to why they should be allowed to take the subject deposition, and the objection thereto filed by Allied, the Court reiterates its reasoning provided in its earlier ruling denying Plaintiffs' request, and adds a third reason: the subject matter on which Plaintiffs seek to depose a 30(b)(6) witness "is not relevant to any party's claim or defense and proportional to the needs of the case," the standard set forth in Federal Rule 26(b)(1) for the scope of discovery.

ORDER DENYING MOTION FOR
RECONSIDERATION
- 2

More specifically, Plaintiffs seek testimony from an Allied designee "on how and why Allied drafted the policy parts at issue in this case," to wit, the terms "sexual molestation" and "sexual abuse," found in the exclusion on which the carrier based its denial of coverage. Pls.' Rep. at 4; *see also* Def.'s Opp. at 2-3 (citing Dkt. No. 45-2).[1] Plaintiffs are dissatisfied with the response Allied's first 30(b)(6) designee gave when asked how the carrier defines the terms. Said designee referred to their "common meaning," stating "however it is used in everyday -- sexual abuse and molestation, we don't have an internal definition." Pls.' Mot. at 5 (citing Bridges Decl., Ex #5, Dep 30(b)(6), 25:7-16). Plaintiffs seek testimony on the drafting history, and the intent of the drafter, that they believe will shed light on what Allied intended the terms to mean.

Even assuming the terms are ambiguous (which the Court does not decide at this time), it is the mutual intent of the parties at the time of signing, not the unilateral intent of the drafter, that informs the interpretation of an insurance policy's terms. *See Key Tronic Corp., Inc. v. Aetna (CIGNA) Fire Underwriters Ins. Co.*, 124 Wn. 2d 618, 629-30) (1994). As Defendant points out, the drafting and marketing history is evidence of the parties' intent only if the insured "was aware of the drafting and marketing history, as a surrounding circumstance of the particular insurance contracts at issue." Def.'s Opp. at 5 (quoting *Key Tronic*, 124 Wn. 2d at 629-30). Here, there is no evidence (or even allegation) that ABHS was "aware of the drafting and marketing history" of the terms of its policy. What the individual who drafted the policy or policy terms at issue understood is, accordingly, not relevant to Plaintiffs' claims.

---

[1] Although Ex. 2 to the Declaration of Dan Bridges is identified as the "Second (at issue) 30(b)(6) notice," that exhibit actually appears to be a duplicate of the first 30(b)(6) Notice.

ORDER DENYING MOTION FOR
RECONSIDERATION
- 3

Plaintiffs argue, for the first time in their reply, that they seek to depose a 30(b)(6) designee to divine not the intent of the parties (a purpose they appear to concede is foreclosed by *Key Tronic*), but as "a reasonable construction of the policy language." Pls.' Rep. at 6-7.[2] Plaintiffs argue that this use of the drafting history is allowed under *Queen City Farms, Inc. v. Central National Insurance Company of Omaha*, 124 Wn. 2d 536 (1994). The "history" to which *Queen City Farms* was referring, however, is not the same kind of "history" Plaintiffs here are attempting to discover. *See Key Tronic*, 124 Wn. 2d at 630 ("We said [in *Queen City Farms*] the insured was entitled to rely upon published appellate decisions for a reasonable interpretation of the exclusion."). That exception to the rule that drafting history is irrelevant to a term's interpretation is inapplicable under the facts Plaintiffs present here.

Ultimately, Plaintiffs fail to demonstrate that the information they seek—now well past the discovery deadline—"is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1).

The Motion for Reconsideration is DENIED.

Dated this 26th of August, 2024.

_____
Barbara Jacobs Rothstein
U.S. District Court Judge

---

[2] In their opening brief, Plaintiffs explain that their purpose in pursuing "[t]he second notice is to go to the proverbial horse's mouth for *what defendant intended* as definitions." Pls.' Mot. at 5 (emphasis added).

ORDER DENYING MOTION FOR
RECONSIDERATION
- 4